IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NHAN TRAN, Individually and on behalf of other employees similarly situated § § § § | | |
| **Plaintiff** § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| TRAN THAI, d/b/a NAILS OF AMERICA, and HOA HOANG, d/b/a NAILS OF AMERICA, § § § § | JURY TRIAL DEMANDED | |
| **Defendants** | | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Now comes NHAN TRAN, ("Plaintiff") on behalf of all others similarly-situated, and complains of Defendants TRAN THAI, d/b/a NAILS OF AMERICA, and HOA HOANG, d/b/a NAILS OF AMERICA, ("Defendants") and for cause of action would show the Court as follows:

### I.
### INTRODUCTION

1. Plaintiff brings a collective action to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*.

2. Plaintiff seeks declaratory and injunctive relief, back pay and liquidated damages, attorney's fees, taxable costs of court, pre-judgment interest, and post-judgment interest, pursuant to 29 U.S.C. §216(b), for Defendants' willful failure to pay overtime to Plaintiff and all others similarly-situated, in the course of their employment with the Defendants.

I5118:25:23/181 101:2115151
F:\:\\Sharedserver\central\Doc\A_DOCKET\Tran, Nhan\Pleadings\Original Complaint_Federal V2.doc

1

3. Accordingly, Plaintiff brings this action on behalf of himself and other employees similarly-situated.

## II.
## JURISDICTION AND VENUE

4. The Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §201 *et. seq*. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

5. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas.  Venue is also proper in the Southern District of Texas because Defendants have its principal place of business in Texas and in the Southern District of Texas.

## III.
## PARTIES

6. Plaintiff NHAN TRAN resides in Montgomery County, Texas.

7. Defendant TRAN THAI, d/b/a NAILS OF AMERICA, resides in Harris County, Texas.  Defendant TRAN THAI d/b/a NAILS OF AMERICA, may be served with process at his place of residence, 5330 Imperial Grove Drive, Houston, TX 77066, or, at his place of business, 9300 Six Pines Drive, Suite 400, The Woodlands, TX  77380.

8. Defendant HOA HOANG, d/b/a NAILS OF AMERICA, resides in Harris County, Texas.  Defendant HOA HOANG d/b/a NAILS OF AMERICA, may be served with process at his place of residence, 5330 Imperial Grove Drive, Houston, TX 77066, or, at his place of business, 9300 Six Pines Drive, Suite 400, The Woodlands, TX  77380.

## IV.
## COVERAGE OF THE FLSA

9. At all material times, Defendants have been employers within the

meaning of the FLSA.

10. At all material times, Defendants have operated an enterprise within the meaning of the FLSA.

11. At all material times, Defendants have operated an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

12. At all material times, Plaintiff was an individual employee who was engaged in commerce as required by the FLSA. Like the Plaintiff, the members of the Plaintiff Class were employees engaged in commerce in performing their duties for the Defendants.

## V.
## CLASS ALLEGATIONS

13. Plaintiff files this case an "opt-in" class action as specifically allowed by 29 U.S.C. §216(b).

14. The class that the Plaintiff seeks to represent may be described as follows:

> All current and former nail techincians employed by Tran Thai, d/b/a Nails of America, or Hoa Hoang, d/b/a Nails of America, from December 2005 to the present, who performed fingernail care services and were not paid for overtime hours and seek payment for such hours.

15. Plaintiff seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt-in to this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. §216(b).

16. Those persons who choose to opt in, hereinafter referred to as the "Plaintiff

Class" will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated here by reference.

17. Plaintiff contends that this action is appropriate for class action status because the Defendants herein has acted in the same manner with regard to all members of the Plaintiff Class.

18. The members of the Plaintiff Class are similarly-situated to Plaintiff and are owed overtime wages for the same reasons as the Plaintiff. These employees should be notified of this case and given the opportunity to joint this suit.

## VI.
## FACTUAL ALLEGATIONS

19. At all times relevant to this action, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*.

20. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

21. Defendants employed Plaintiff from September 2004 to the present.

22. Defendants operate a fingernail care salon and employs full-time laborers to perform non-exempt work. Defendants employ persons who provide manicure services and sell nail care or hand care products.

23. Plaintiff worked for Defendants as a manicurist at Nails of America.

24. Plaintiff's primary duties while working for Defendants were providing manicures and selling hand care or nail care products.

25. Plaintiff routinely worked more than forty (40) hours per week for Defendants.

26. Defendants paid Plaintiff a commission on the services he provided and the products he sold.  Defendants also allowed Plaintiff to keep tips from the customer.

27. However, Defendants' compensation of Plaintiff was not related to the number of hours that Plaintiff worked.  Specifically, Defendants did not compensate Plaintiff for his hours of work in excess of forty (40) per week at one and a half (1.5) times Plaintiff's regular rate.

28. Defendants classified Plaintiff as an "independent contractor."  However, Plaintiff was not an independent contractor.

29. While employed by Defendants, Plaintiff did not work for any other employer.

30. Defendants controlled the manner in which Plaintiff performed his work.

31. Specifically, Defendants controlled the location, schedule, work processes used, and products sold by Plaintiff.

32. Defendants provided the tools that Plaintiff used while working for Defendants.

33. Plaintiff did not provide manicures or hand care products under his own name or for his own separate business.

34. Since June 1, 2007, Defendants failed to record the hours in which Plaintiff worked.

35. Plaintiff was a non-exempt employee.

36. Defendants have not made a good faith effort to comply with the FLSA.  Rather, the Defendants knowingly, willingly, and/or with reckless disregard carried out its illegal pattern or practice regarding minimum wages and overtime compensation.

## VII.
## COLLECTIVE ACTION ALLEGATIONS

37. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

38. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

39. Thus, from discussions with other employees [and supervisors?], Plaintiff is aware that other manicurists have been wrongly classified as independent contractors.

40. Like Plaintiff, the other manicurists work exclusively for Defendants.

41. Defendants controls the location, schedule, and techniques used by all of its manicurists.

42. Defendants purchases and provides any products sold by all of its manicurists.

43. Thus, other similarly-situated employees are being denied their lawful wages.

44. Other similarly-situated employees are having less than their full work hours recorded by Defendants.

45. Accordingly, Defendants' pattern or practice of failing to pay the employee's overtime pay (at time and one-half) as required by the FLSA results from Defendants' general application of a policy that wrongly classifies its employees as independent contractors, and does not depend on the personal circumstances of the members of the Plaintiff Class.

46. Thus, Plaintiff's experience is typical of the experience of the Plaintiff Class.

47. The specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment.

I5118:25:23/186 606:2165156
F:\:\\Sharedserver\central\Doc\A_DOCKET\Tran, Nhan\Pleadings\Original Complaint_Federal V2.doc

6

48. All employees, regardless of their job titles or rates of pay, who perform hand care services or sell hand care products, and who are denied overtime compensation for hours worked in excess of forty (40) per week, are similarly-situated.

49. Although the issue of damages may be individual in character, the facts related to liability are common to the Plaintiff Class, because the sole reason for Defendants' failure to pay overtime is its policy of treating its manicurists as independent contractors.

50. Plaintiff and the Plaintiff Class seek an amount of back pay equal to the overtime compensation which has been unlawfully withheld in a period beginning three years prior to the filing of this lawsuit and continuing until the date of trial.

## VIII.
## CAUSE OF ACTION: FAILURE TO PAY OVERTIME

51. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

52. Defendants' failure to pay overtime wages, to the Plaintiff and the Plaintiff Class, was and is in violation of the FLSA.  Accordingly, the Plaintiff and the Class are entitled to overtime in an amount equal to one and one-half times their regular rates of pay for each hour worked over forty in each workweek.

53. Additionally, the Plaintiff and the Plaintiff Class are entitled to an amount equal to all their unpaid wages as liquidated damages.

54. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

55. Plaintiff and the Plaintiff Class are entitled to recover attorneys' fees and costs of this action as provided by the Fair Labor Standards Act, 29 U.S.C. §216(b).

## IX. JURY DEMAND

56. Plaintiff hereby demands a jury trial.

## X.
## PRAYER

WHEREFORE, the Plaintiff requests that this Court award him and the Plaintiff Class judgment against Defendants for the following relief:

a.  A declaration that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. 207, by failing to pay Plaintiff and all other similarly-situated employees' overtime pay at one and one half times their regular hourly rate for all hours in excess of forty (40) worked during each seven-day work period.

b.  Damages for the full amount of their unpaid overtime compensation;

c.  An equal amount as liquidated damages;

d.  Reasonable attorneys fees, costs, and expenses of this action;

e.  such other and further relief as may be allowed by law.

Respectfully submitted,

TRAN LAW FIRM, L.L.P.

By: ___/S/Trang Q. Tran_____
Trang Q. Tran
Texas Bar Number: 00795787
Federal I.D: 20361
Andrew H. Iwata
Texas Bar Number: 24048568
Federal I.D: 625974
3050 Post Oak Blvd., Suite 1720
Houston, Texas 77056
Telephone: (713) 223-8855
Facsimile: (713) 623-6399

l5118:25:23/188 808:2185158
F:\:\\Sharedserver\central\Doc\A_DOCKET\Tran, Nhan\Pleadings\Original Complaint_Federal V2.doc

8