UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NHAN TRAN, Individually and on behalf of other employees similarly situated | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:08CV03650 |
| v. | § § | JURY TRIAL DEMANDED |
| HOA T. HOANG, Individually, and d/b/a NAILS OF AMERICA #3, BOW & MARY – NAILS OF AMERICA #5, L.L.C., and BOW DI GROVE, Individually | § § § § § § | |
| Defendants. | § | |

## DEFENDANTS BOW & MARY –NAILS OF AMERICA #5, L.L.C. AND BOW DI GROVE, INDIVIDUALLY ORIGINAL ANSWER

Defendants Bow & Mary – Nails of America #5, L.L.C. and Bow Di Grove Individually, ("Defendants"), by and through their undersigned counsel, and file this their answer to Plaintiff's First Amended Collective Action Compliant ("Complaint"), and answer the Complaint in paragraphs that correspond by number as follows:

### I.  SUMMARY

1. Paragraph 1 of the Complaint is comprised of alleged legal conclusions requiring neither an admission nor a denial by Defendants. To the extent a response to these allegations is required, Defendants deny the allegations in paragraph 1 of the Complaint.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint is comprised of alleged legal conclusions requiring neither an admission nor a denial by Defendants. To the extent a response to these allegations is required, Defendants deny the allegations in paragraph 3 of the Complaint.

## II.  JURISDICTION AND VENUE

4. Defendants admit this court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 29 U.S.C. §216(b), but deny that Plaintiffs claims have any merit.

5. Defendants admit venue is proper in the Southern District of Texas.

## III.  PARTIES

6. Defendants are not able to admit or deny the allegations in paragraph 6 of the Complaint.

7. Defendants are not able to admit or deny the allegations in paragraph 7 of the Complaint.

8. Defendants deny that Bow D. Grove's residence is at 8810 S. Dairy Ashford, Houston, Texas  77099.  Defendants admit the remaining allegations in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

## IV.  COVERAGE OF THE FLSA

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

## VI. FACTUAL ALLEGATIONS

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants admit the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

## VII.  COLLECTIVE ACTION ALLEGATIONS

38. Paragraph 38 of the Complaint is comprised of alleged legal conclusions requiring neither an admission nor a denial by Defendants.  To the extent a response to these allegations is required, Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

## VIII.  CAUSE OF ACTION:  FAILURE TO PAY OVERTIME

52. Paragraph 52 of the Complaint is comprised of alleged legal conclusions requiring neither an admission nor a denial by Defendants.  To the extent a response to these allegations is required, Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint is comprised of alleged legal conclusions requiring neither an admission nor a denial by Defendants. To the extent a response to these allegations is required, Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

## IX. JURY DEMAND

57. Defendants need neither admit nor deny Paragraph 57. However, to the extent a response to these allegations is required, Defendants deny the allegations in paragraph 57 of the Complaint.

## AFFIRMATIVE OR OTHER DEFENSES

Without waiving the foregoing admissions and denials. Defendants plead the following defenses and reserve the right to plead additional defenses that may become apparent during the defense of this case:

## FIRST DEFENSE

1. The Plaintiff's First Amended Collective Action Compliant should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

2. Plaintiff's claims under the FLSA are barred, in whole or in part, pursuant to 29 U.S.C. §259(a).

## THIRD DEFENSE

3. The Complaint is barred, in whole or in part, pursuant to 29 U.S.C. §260, because Defendants acted in good faith with regard to some or all acts or omissions alleged in the Complaint and had reasonable grounds for believing some or all such acts or omissions were not in violation of the FLSA.

**FOURTH DEFENSE**

4. Plaintiff's claims, including but not limited to claims under the FLSA, are barred to the extent that Plaintiff seeks damages beyond the applicable limitations period(s).

**FIFTH DEFENSE**

5. The Plaintiff has failed to mitigate damages, if any, as required by law.

**SIXTH DEFENSE**

6. Plaintiff's claims are barred based on the doctrine of unclean hands.

**SEVENTH DEFENSE**

7. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

**EIGHTH DEFENSE**

8. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff was exempt from the FLSA overtime requirements, including but not limited to 29 U.S.C.§213(a) or (b).

**NINTH DEFENSE**

9. Plaintiff's claims are barred in while or in part, to the extent the work performed falls within exemptions, exclusions, exceptions, or credits provided for or pursuant to 29 U.S.C.§207.

**TENTH DEFENSE**

10. Plaintiff's claims are barred, in while or in part, by 29 U.S.C.§254, as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to principal activities.

**ELEVENTH DEFENSE**

11. Plaintiff has been properly paid for all compensable time under FLSA.

**TWELFTH DEFENSE**

12. Defendants acted in conformity with the interpretations of the FLSA.

**THIRTEENTH DEFENSE**

13. Any alleged violations of the FLSA were not willful and therefore, any claims for overtime pay are limited to the two-year statute of limitations stated in 29 U.S.C. §255.

**FOURTEENTH DEFENSE**

14. Plaintiff is only entitled to one satisfaction for any established unlawful conduct.

**FIFTEENTH DEFENSE**

15. Collective relief is inappropriate because individual issues predominate over issues generally applicable to the collective action.

**SIXTEENTH DEFENSE**

16. Plaintiffs are not sufficiently numerous and do not have sufficient common or typical issues to warrant collective relief.

**SEVENTEENTH DEFENSE**

17. Defendants cannot fully anticipate at this time all defenses which may be applicable to this action. Accordingly, Defendants reserve the right to assert additional defenses, to the extent such defenses are applicable.

**CONCLUSION**

Wherefore, Defendants deny that Plaintiff is entitled to any remedy or relief in this action; Defendants request that the Court dismiss Plaintiff's claims with prejudice; Defendants pray that Plaintiff take nothing by this action, that Defendants be awarded their costs of court and reasonable attorney's fees, and that Defendants have such other and further relief, general and specific, legal and equitable, to which Defendants show themselves to be justly entitled.

        Respectfully submitted,

        Drew & McCallum PLLC
        2441 High Timbers, Suite 130
        The Woodlands, Texas  77380
        (281) 252-9300 Houston
        (832) 585-0070 The Woodlands
        (832) 585-0071 Facsimile

        <u>/s/ Patric P. McCallum</u>
        Patric P. McCallum – Attorney in Charge
        State Bar No. 24004804
        Federal Bar No. 22479
        Patric@DrewMcCallum.com

        Charlotte Drew
        State Bar No. 24010379
        Federal Bar No. 34176
        CDrew@DrewMcCallum.com

        ATTORNEYS FOR DEFENDANTS BOW & MARY – NAILS OF AMERICA #5, L.L.C. AND BOW DI GROVE, INDIVIDUALLY

## **CERTIFICATE OF SERVICE**

       I certify that on February 11, 2009 a true and correct copy of this instrument was served upon the following as noted below, in conformity with the Federal Rules of Civil Procedure.

                                                   /s/ Patric P. McCallum
                                                   Patric P. McCallum

| | |
|---|---|
| Trang Q. Tran | |
| Attorney for Plaintiffs | ___ Certified Mail |
| Tran Law Firm, L.L.P. | ___ Personal Delivery |
| 3050 Post Oak Blvd., Suite 1720 | ___ Private Delivery |
| Houston, Texas  77056 | ___ Facsimile |
| TEL:  (713) 223-8855 | ___ Courier Receipted Delivery |
| FAX:  (713) 623-6399 | ___ Electronic Delivery |