IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NHAN TRAN, Individually and on behalf of other employees similarly situated | § § § § | |
| **Plaintiff** | § | |
| v. | § § | CIVIL ACTION NO. 4:08-cv-03650 |
| HOA T. HOANG, individually, and d/b/a NAILS OF AMERICA #3, BOW & MARY – NAILS OF AMERICA # 5 L.L.C., and BOW DI GROVE individually | § § § § § | JURY TRIAL DEMANDED |
| **Defendants** | | |

### PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSES OF GOOD FAITH, FAILURE TO MITIGATE, AND SET OFF, AND MEMORANDUM IN SUPPORT

Nhan Tran ("Plaintiff") moves to dismiss the Defendants' affirmative defenses of good faith, failure to mitigate, and set-off as described in Defendant's Original Answers. (Docket No. 4, pp.5-6, Aff. Def. 2, 3, & 5; Docket No. 12, p.5, Aff. Def. 4 & 5). Defendant failed to plead any facts showing a plausible theory in connection with these affirmative defenses, as required by Fed. R. Civ. P. 8(c), and related precedent.

### I. INTRODUCTION AND ARGUMENT

A. **The Rules Required Defendant to Plead Some Factual Context for its Affirmative Defenses.**

"An affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *Teirstein v. AGA Medical Corporation*, 2009 WL 704138, at *2 (E.D. Tex. 2009). It follows that an answer stating affirmative defenses must "contain sufficient factual matter, accepted as

true, to state a [defense] that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 and 1954 (2009)(addressing the factual specificity required for a complaint to survive a motion to dismiss). *Ashcroft* explained that pleading under Rule 8 requires more than a recitation of elements and conclusory statements; the claim or defense must be at least generally placed in its factual context. *Id*.

"Even though the aim of the relaxed notice pleading standards of Federal Rule of Civil Procedure 8 is to prevent parties from being defaulted for committing technical errors, a defendant nevertheless must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield* at 362.

### B.  Defendants Failed to Plead Any Factual Basis for their Affirmative Defense of Good Faith.

Defendants pled in their First Amended Answer that Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. 259 and 260 because Defendants allege that they acted in good faith reliance on rules or interpretations by the Department of Labor, and had reasonable grounds for believing that they were in compliance with the FLSA. (Docket No. 4, p.5, Aff. Def. 2 & 3; Docket No.12, p.5, Aff. Def. 4 & 5).

We must distinguish the affirmative defense of good faith, which is the only defense to liquidated damages upon a finding of a FLSA violation, from the burden of proving willfulness required to extend the Plaintiffs' statute of limitations. The statute of limitations for FLSA violations is two years, unless the Plaintiffs prove that Defendant's violations were willful, in which case the statute of limitations is three years. 29 U.S.C. 255(a).

However, upon the finding of a FLSA violation, the Defendant must pay liquidated damages unless the Defendant proves that it acted on a good faith belief that its payroll practices were legal. *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999); *Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 401 fn.14 (5th Cir. 2002); 29 U.S.C. 260.  Liquidated damages consist of an amount equal to the employee's unpaid overtime, which is awarded in addition to the unpaid overtime itself.  29 U.S.C. 216(b).  In fact, the trial court retains discretion to award liquidated damages even if the employer proves its good faith belief. *Bernard v. IBP, Inc., of Nebraska*, 154 F.3d 259, 267 (5th Cir. 1998).  Proof of good faith simply means that liquidated damages become discretionary instead of mandatory. *Id.*

In addition, 29 U.S.C. 259 provides that a defendant may avoid liability altogether where the defendant "pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged."  29 U.S.C. 259(a). Subsection (b) adds that the relevant agency, in the case of wage and hour issues, is the Department of Labor.  29 U.S.C. 259(b).

Thus, we are not only dealing with a situation where Defendant has pled a good faith defense to liquidated damages, contingent on the finding of a violation.  Defendant has pled good faith as a defense to *liability*, and therefore it is appropriate to address the defense now, prior to any final judgment on liability.

The mere assertion of good faith, without a factual context, is not sufficient to put Plaintiff on notice of the nature of the defense, because good faith can take many different forms depending on the facts of the case.  An employer may rely on a good faith belief that he is not an enterprise engaged in commerce, or a good faith belief that his employees are exempt, or a good faith belief that his employees are not working overtime, or even a good faith belief that the amount paid represents payment for overtime.  In the case of reliance upon an opinion or interpretation by the Department of Labor, as provided under 29 U.S.C. 259, Plaintiffs need to know which opinion or ruling will be the basis of this defense.  The phrase "good faith" by itself is simply not enlightening.  Defendants in this case have pled a rainbow of defenses, including failure to state a claim, failure to mitigate, unclean hands, laches, estoppel, waiver, exemption, exclusions under 29 U.S.C. 207, preliminary and postliminary exclusions under 29 U.S.C. 254, proper payment for all compensable time, statute of limitations, set-off for undeserved payments, denial of employer status, and independent contractor.  Given these pleadings, it is not possible to determine which theory is the basis of Defendants' good faith belief.

In fact, mere ignorance of the law, or the mere absence of a specific intent to violate the law, is not good faith.  *See Bolick v. Management by Skylane*, 2008 WL 4589961, at *2 (S.D. Tex. 2008)(holding that good faith requires an "objectively reasonable basis" for a defendant's belief of compliance).  From the Defendants' pleading, it is impossible to tell whether Defendant's notion of good faith is mere ignorance or something more substantial.  Defendant has therefore failed to adequately plead its affirmative defense of good faith, both as to liability under 29 U.S.C. 259 and as

4

to liquidated damages under 29 U.S.C. 260, and therefore Defendant's affirmative defenses should be stricken under Rule 12(f).

Plaintiffs expect the Defendant to argue that any materials omitted from its pleadings can be provided in discovery. This is always true with any defective pleading, but does not always excuse defective pleading. Since "[a]n affirmative defense is subject to the same pleading requirements as is the complaint," it follows that a defendant cannot rely on discovery to cure all defects in affirmative defenses any more than a plaintiff could rely on discovery to cure the inadequate pleading of a cause of action. *Woodfield* at 362; *Ascroft* at 1949 and 1954 (dismissing a plaintiff's complaint for failing to plead sufficient facts to show more than a conclusory statement of a cause of action).

It is not too early to require specific pleading. Any facts or authorities on which Defendant relied in good faith, at the time of Plaintiffs' employment, should already be known to the Defendant. Defendant should not need discovery from Plaintiffs in order to determine its own prior state of mind, its prior reliance on authorities, or its decision making process. If Defendant does not already know on what it relied in deciding not to pay overtime, then it will never know and its good faith affirmative defense will not apply as a matter of law. We are not addressing Defendant's lack of proof at the pleading stage, nor are we asking Defendant to catalog its evidence. Plaintiffs merely seek to strike boilerplate affirmative defenses offered without a coherent theory as to how they might apply in this case.

### C. Defendant Failed to Plead Any Factual Basis for its Affirmative Defense of Failure to Mitigate.

Defendants Bow & Mary – Nails of America #5, L.L.C. and Bow Di Grove individually, claim that "the Plaintiff has failed to mitigate damages, if any, as required

5

by law." (Docket No. 4, p.6, Aff. Def. 5). In employment cases, the affirmative defense of failure to mitigate typically arises in the context of a wrongful discharge action, where the former employer asserts that the plaintiff could have obtained replacement employment at an equivalent wage. See, e.g., *Hadra v. Herman Blum Consulting Engineers*, 632 F.2d 1242, 1244-1245 (5th Cir. 1980). Defendants do not explain how this theory could apply in the context of wages unlawfully withheld by an employer during the term of Plaintiff's employment. Defendants have thus failed to plead this defense with the specificity required by Fed. R. Civ. P. 8(c).

### D. Defendant Failed to Plead Any Factual Basis for its Affirmative Defense of Failure of Set Off.

Defendant Hoa T. Hoang claims that "if Plaintiff is able to show any violation of the FLSA, Defendant is entitled to a set-off for all compensation or funds paid to or procured by Plaintiff to which he had no entitlement." (Docket No. 12, p. 5, Aff. Def. 7). Defendants do not identify any wages that could be used as a set off, or which wages they have in mind. Indeed, in a typical FLSA action, the wages already paid are part of the regular rate which is the basis of a claim for overtime, and the regular rate cannot be retroactively reduced to diminish the employer's overtime burden. *See* 29 C.F.R. 778.109. Defendants have not adequately pled their affirmative defense of set off, or explained how this theory would apply in the FLSA context.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike Defendant's affirmative defenses of affirmative defenses of good faith, failure to mitigate, and set-off as described in Defendant's Original Answers (Docket No. 4, pp.5-

6, Aff. Def. 2, 3, & 5; Docket No. 12, p.5, Aff. Def. 4 & 5), and order that the case proceed without these defenses.

        Respectfully submitted,

        TRAN LAW FIRM, L.L.P.

        By: _/S/Trang Q. Tran_____
        Trang Q. Tran
        Texas Bar Number: 00795787
        Federal I.D: 20361
        Andrew H. Iwata
        Texas Bar Number: 24048568
        Federal I.D: 625974
        3050 Post Oak Blvd., Suite 1720
        Houston, Texas 77056
        Telephone: (713) 223-8855
        Facsimile: (713) 623-6399
        **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF CONFERENCE**

No certificate of conference is required for motions under Fed. R. Civ. P. 12(b)(6). *See* S.D. Local Rule 7.1(D).

        /S/Andrew H. Iwata
        Andrew H. Iwata

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on July 14, 2009, in the following manner to:

/S/Andrew H. Iwata_____
Andrew H. Iwata

(Via e-mail at kevin@dunaganlaw.com)
Mr. Kevin S. Dunagan
The Dunagan Law Firm, P.C.
2777 Allen Parkway, Suite 800
Houston, TX 77019
(713) 737-8212 Dir. Dial
(713) 868-1267 Fax

(Via e-mail at patric@drewmccallum.com)
Patric P. McCallum
Drew & McCallum PLLC
2441 High Timbers, Suite 130
The Woodlands, Texas 77380
(281) 252-9300 Houston
(832) 585-0070 The Woodlands
(832) 585-0071 Facsimile