IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NHAN TRAN, Individually and on Behalf of Employees Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-08-3650 |
| TRAN THAI, doing business as Nails of America, *et al.*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The parties have filed a joint motion in this FLSA case to file a confidential settlement agreement under seal. Under federal common law, there is a presumption that judicial records are public documents. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978); *Chicago Tribune Co. v. Bridgestone/Firestone,* 263 F.3d 1304, 1311 (11th Cir. 2001). Denial of public access to court records is warranted only when it "is necessitated by a compelling governmental interest, and is narrowly tailored to [ . . . ] that interest." *Brown v. Advantage Eng'g, Inc.,* 960 F.2d 1013, 1016 (11th Cir. 1992) (internal citation and quotation omitted).

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). FLSA claims may be compromised if the settlement is (1) supervised by the Secretary of Labor under 29 U.S.C. § 216(c) or (2) approved by a court under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Settlement

agreements that must be approved by the court are presumptively public once they are brought to the court. *Brown*, 960 F.2d at 1016. It is immaterial that sealing of the settlement agreement is part of a negotiated settlement between the parties. *Id.* Absent a showing of "extraordinary circumstances," the court file must remain open to the public. *Id.*

The presumption of public access to settlements of FLSA actions is particularly strong. *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003). This is because the right at issue is of the "private-public character" described by the Supreme Court in *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). *Id.* Sealing FLSA settlements from public scrutiny could "thwart the public's independent interest in assuring that employees' wages are fair." *Id.* (citations omitted). Absent an "extraordinary reason," the court cannot seal such records. *Id.*

The joint motion to file the settlement agreement under seal is denied on the present record. The parties have not shown "extraordinary circumstances" that warrant granting their motion to file the settlement agreement under seal. The parties may submit a supplement to the motion that sets out any circumstances believed to justify the seal no later than **August 28, 2009**.

SIGNED on August 12, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge