IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NHAN TRAN, Individually and on Behalf of Employees Similarly Situated, § § § | | |
| Plaintiff, § § | | |
| VS. § § | CIVIL ACTION NO. H-08-3650 | |
| TRAN THAI, doing business as Nails of America, *et al*., § § § § | | |
| Defendants. § § | | |

**ORDER**

The plaintiff, Nhan Tran, sued Hoa T. Hoang, individually and dba Nails of American #3. Nhan alleged that the defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by classifying him as an exempt employee and failing to pay overtime for hours worked in excess of forty hours in a workweek. Tran filed the complaint as a collective action under Section 16 of the FLSA. *See* 29 U.S.C. § 216. This court has not certified the suit as a collective action and no individual has given written consent to join the suit as a plaintiff. Tran and Hoa T. Hoang, individually and dba Nails of America #3, have agreed to settle. The parties have moved for approval of the settlement agreement and to dismiss Tran's individual claims with prejudice and the collective action allegations without prejudice. (Docket Entry No. 8).

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of unpaid wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States*, *U.S. Dep't of Labor*, 679 F.2d

350, 1353 (11th Cir.1982).  If the settlement reflects "a reasonable compromise over issues," the court may approve it.  *Id.* at 1354.

In this case, there are genuine disputes over whether the FLSA applies to Tran and the amount, if any, of backpay, liquidated damages, and attorney's fees due.  This court has reviewed the settlement agreement and finds that the amount to be paid to Tran and the amount of attorney's fees provided for in the settlement agreement are fair and reasonable.  Because the collective action allegations are dismissed without prejudice, this settlement binds no one but the named parties.  The suit was filed recently and there is no indication that others are relying on this case.

This court grants the motion to approve the proposed settlement as a fair and reasonable compromise of a bona fide dispute under the FLSA.  (Docket Entry No. 28).  This court also grants the motion for dismissal with prejudice of the claims of Nhan Tran against Hoa T. Hoang individually and dba Nails of America # 3.  (Docket Entry No. 29).

The plaintiff's claims against Bo Di Grove, individually and Bow and Mary, Nails of America # 5, LLC, remain in this suit.

SIGNED on September 24, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

2