IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NHAN TRAN, Individually and on Behalf of Employees Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-08-3650 |
| TRAN THAI, doing business as Nails of America, *et al*., | § § § § | |
| Defendants. | § | |

**ORDER**

This is an FLSA unpaid overtime suit brought by Nhan Tran, who worked as a manicurist in a nail salon. The remaining defendants are the salon, Bow & Mary - Nails of America #5, LLC, as well as Bow Di Grove, its manager and part-owner. In response to this court's February 8, 2010 order, the parties have each submitted a report on the status of the motions pending in this case. After reviewing those reports, it is clear that the discovery necessary to present and decide Tran's motion for partial summary judgment on the defendants' equitable defenses and statutory exemptions, (Docket Entry No. 20), has not been completed. As discussed at the November 11, 2009 hearing, the primary issue requiring additional discovery and briefing is whether Tran and the proposed class members were independent contractors or employees. The motion for partial summary judgment is denied without prejudice to refiling, if appropriate, once the record has been properly developed.

Grove has also filed a motion for partial summary judgment, (Docket Entry No. 14). That motion addresses only the claims against Grove relating to Nails of America #3. Grove seeks judgment that he was not an "employer" of manicurists working at Nails of America #3. This

motion is now moot. The claims against Nails of America #3 have been settled and dismissed. (Docket Entry No. 30). Counsel stated at the November 11, 2009 hearing that only one nail salon is involved in the case.

Finally, Tran has moved to dismiss three of the defendants' affirmative defenses as insufficiently pleaded. (Docket Entry No. 19).[1] The defendants have responded, arguing that their pleading is sufficient because it gives fair notice of the affirmative defenses. (Docket Entry No. 27). Rule 12(b)(6) allows dismissal if a pleading fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).[2] To avoid dismissal, a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "Although absolute specificity in pleading is not required, fair notice of the affirmative defense is." *Automated Med. Labs v. Armour Pharm. Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980). In some cases, "merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362. The issue is whether the pleading is sufficient to "identify the affirmative defense in question" and provide notice of its basis. *Id.*

---

[1] The motion also seeks to dismiss one affirmative defense alleged by Hoa T. Hong, who is no longer a defendant. This portion of the motion is denied as moot.

[2] The Fifth Circuit has stated that affirmative defenses are subject to the same pleading requirements that apply to complaints. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Two recent Supreme Court cases, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), have emphasized that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Affirmative defenses are governed by Rule 8(c), which requires that "a party must affirmatively state any avoidance or affirmative defenses." FED. R. CIV. P. 8(c). Courts have divided on whether the pleading standard applicable to affirmative defenses continues to mirror the standard applicable to complaints. *See Hayne v. Green Ford Sales, Inc.*, --- F.R.D. ----, 2009 WL 5171779, at *2 (D. Kan. 2009) (observing that the majority of courts have applied the Rule 8(a)(2) standard to affirmative defenses).

Tran's motion addresses three affirmative defenses asserted in the defendants' answer: (1) "Plaintiff's claims under the FLSA are barred, in whole or in part, pursuant to 29 U.S.C. § 259(a)"; (2) "The complaint is barred, in whole or in part, pursuant to 29 U.S.C. § 260, because Defendants acted in good faith with regard to some or all acts or omissions alleged in the complaint and had reasonable grounds for believing some or all such acts or omissions were not in violation of the FLSA"; and (3) "The plaintiff has failed to mitigate damages, if any, as required by law." (Docket Entry No. 4).

The first defense, under 29 U.S.C. § 259(a), provides a defense to FLSA liability if "the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation" of the Wage and Hour Division of the Department of Labor. The second defense, under 29 U.S.C. § 260, would allow the defendants, if found liable, to avoid paying liquidated damages if they can show "that the act or omission giving rise to such action was in good faith and that [they] had reasonable grounds for believing that [their] act or omission was not a violation of the [FLSA]." The defendants have merely repeated the statutes in their answer. The defendants know the bases for their affirmative defenses that they relied on a regulation, order, ruling, approval, or interpretation of the Wage and Hour Division and that they acted in good faith. "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."); *Argeropoulos v. Exide Techs.*, No. 08-CV-3760 (JS), 2009 WL 2132443, at *6 (E.D.N.Y. Jul. 8, 2009) ("Even before

3

*Iqbal*, the federal rules required a plaintiff to do more than just plead 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.'") (citing *Twombly*, 550 U.S. at 555). These affirmative defenses are dismissed, without prejudice, with leave to replead no later than **March 19, 2010**.

The failure to mitigate defense, by contrast, is adequately pleaded to inform the plaintiff of the basis. Information necessary to plead more specifically is in the possession of the plaintiffs and others; the defendants can only obtain that information through discovery. "If plaintiffs cannot state a claim without pleading facts which *tend systemically to be in the sole possession of the defendants*, the remedial scheme of the statute will fail . . . These considerations *counsel careful and holistic evaluation of [a] complaint's factual allegations before concluding that they do not support a plausible inference that the plaintiff is entitled to relief."* Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009) (emphasis added).

Tran's motion to dismiss the affirmative defenses is granted in part, without prejudice to repleading, and denied in part.

SIGNED on March 1, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge