IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NHAN TRAN, Individually and on behalf of other employees similarly situated | § § § § | |
| **Plaintiff** | § § | |
| v. | § § | CIVIL ACTION NO. 4:08-cv-03650 |
| HOA T. HOANG, individually, and d/b/a NAILS OF AMERICA #3, BOW & MARY – NAILS OF AMERICA # 5 L.L.C., and BOW DI GROVE individually | § § § § § § | JURY TRIAL DEMANDED |
| **Defendants** | § | |

**PLAINTIFF'S SECOND MOTION TO DISMISS DEFENDANTS'
AFFIRMATIVE DEFENSES OF GOOD FAITH UNDER 29 U.SC. §259 AND §260**

TO THE HONORABLE COURT:

On March 1, 2010, the Court dismissed Defendants' good faith affirmative defense to liability, under 29 U.S.C. §259, and good faith affirmative defense to liquidated damages under 29 U.S.C. §260, for failure to plead any supporting factual basis. (Docket No. 42). The Court granted the dismissal without prejudice so that Defendants could re-plead their defenses if they so desired.

On March 19, 2010, Defendants filed an amended answer, which re-pled the foregoing affirmative defenses, but added nothing which could be sufficient factual support for the defenses. (Docket No. 44, pp.5-6). Defendants have thus once again failed to satisfy the standard for pleading affirmative defenses, and these defenses should be stricken, this time with prejudice.

**I. ARGUMENTS AND AUTHORITIES**

The Court explained the legal standards for pleading affirmative defenses in its prior order dismissing the Defendants' good faith affirmative defenses (Docket No. 42), and therefore the Plaintiff will not review them in much detail here. Affirmative defenses are subject to the same

1

pleading requirements as complaints, and therefore some factual basis, beyond mere recitation of legal elements, is required to plead an affirmative defense. (Docket No. 42, p.2, fn.1 citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); and p. 3, citing *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009)).

### A. Defendants Failed to Plead Any Factual Basis for Their Affirmative Defense to Liability Under 29 U.S.C. §259.

The following is the entire text by which Defendants re-pled their good faith affirmative defense to liability under 29 U.S.C. §259:

> "Plaintiff's claims under the FLSA are barred, in whole or in part, pursuant to 29 U.S.C. §259(a). Actions taken in connection with Plaintiff's compensation, actions taken per the requests, representations, and assertions by Plaintiff (and the appearances deriving from same), and all sums/amounts paid to Plaintiff pursuant to his agreement with Defendants, were done in good faith in conformity with and in reliance upon administrative regulations, orders, rulings, approvals, interpretations and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor." (Docket No. 44, Def. 1st Am. Ans., pp.6-7)

This is merely a slight rewriting of the text 29 U.S.C. §259(a), converted into a statement about Defendants. For comparison, the following is the text of 29 U.S.C. §259(a):

> "In any action or proceeding based on any act or omission on or after May 14, 1947, no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], the Walsh-Healey Act [41 U.S.C.A. § 35 et seq.], or the Bacon-Davis Act [40 U.S.C.A. § 276a et seq.], if he pleads and proves that *the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged.* Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order,

2


ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect." 29 U.S.C. §259(a)(emphasis added).

Thus, Defendants have provided nothing more than what was already in their original pleading of this defense, already stricken by the Court: "Plaintiff's claims are barred, in whole or in part, pursuant to 29 U.S.C. §259(a)." (Docket No. 4, *Def. Orig. Ans.*, p.5). The Court already ruled in its prior dismissal order that merely repeating the statutes relevant to an affirmative defense is not sufficient. (Docket No. 42, p.3). The Court also gave Defendants a deadline to re-plead the stricken affirmative defenses no later than March 19, 2010. (Docket No. 42, p.4).

Since Defendants have been unable to reach beyond statute repetition in the four months since the Court's ruling, and are now well past the deadline for re-pleading set by the Court's order, Plaintiff now requests an order permanently dismissing the Defendants' good faith affirmative defense to liability under 29 U.S.C. §259. See *St. Germain v. Howard*, 556 F.3d 261, 262 & 265 (5th Cir. 2009)(upholding a dismissal with prejudice under Fed. R. Civ. P. 12(b)(6) even though the district court did not allow an opportunity to amend).

**B. Defendants Failed to Plead Any Factual Basis for Their Affirmative Defense to Liability Under 29 U.S.C. §260.**

The following is the entire text by which Defendants re-pled their good faith affirmative defense to liability under 29 U.S.C. §260:

> "The complaint is barred, in whole or in part, pursuant to 29 U.S.C. §260, because all sums/amounts paid to Plaintiff were done so in conformity with Defendants' agreement with Plaintiff. Further all sums/amounts paid to Plaintiff were also done so per the requests, representations, and assertions by Plaintiff (and the appearances deriving from same). Plaintiff has taken action(s), made representations, made statements, or otherwise acted in a manner inconsistent with the allegations in this lawsuit. Defendants acted in good faith with regard to some or all acts or omissions alleged in the Complaint and had reasonable grounds for believing some or all such acts or omissions were not in violation of the FLSA." (Docket No.

3

44, p.6).

Thus, the Defendants' theory is that the Plaintiff asked for and accepted the commission-only payment system used by the Defendants, and that these gestures of approval by Plaintiff gave the Defendants' a good faith belief that their manner of paying Plaintiff was lawful. *Id*.

These facts, even if true, would not be sufficient to support a good faith affirmative defense to liquidated damages. The good faith affirmative defense to liquidated damages in 29 U.S.C. §260 requires the Defendants to show "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing *that his act or omission was not a violation of the Fair Labor Standards Act of 1938*, as amended . . . ." 29 U.S.C. §260. The good faith belief contemplated by section 260 is thus a belief that the compensation plan was lawful, and not merely a belief that the employee accepted the arrangement.

Defendants have not pled facts showing that they had reason to believe that their compensation plan complied with the law. Defendants have not pled that Plaintiff held himself out as an authority or expert on the law or on the payment of overtime, and have therefore not shown any reason why his alleged requests or acceptance of a commission-only payment should give rise to the good faith belief contemplated in section 260.

Proving the good faith belief in section 260 requires proof that Defendants undertook some investigation of their obligations under the FLSA. *Barcelona v. Tiffany English Pub, Inc*., 597 F.2d 464, 469 (5th Cir. 1979)(*disagreement on other grounds recognized by Reich v. Waldbaum, Inc*., 833 F.Supp. 1037, 1051 fn.11 (S.D.N.Y. 1993). This implies that Defendants cannot simply delegate the responsibility to Plaintiff for knowing the rules, which they evidently seek to do in the pleading of this defense. Defendants have not pled that they undertook any investigation of their obligations under the FLSA, and therefore have not pled sufficient facts to support this defense.

Since Defendants have failed a second time to adequately plead their affirmative defense to liquidated damages under 29 U.S.C. §260, have not repeated the attempt in the four months since the Court's ruling, and are now well past the deadline for re-pleading set by the Court's order, Plaintiff now requests an order permanently dismissing the Defendants' good faith affirmative defense to liquidated damages under 29 U.S.C. §260.

## II.  CONCLUSION AND PRAYER

Based on the foregoing reasons, Plaintiff respectfully requests an order striking Defendants affirmative defense to liability under 29 U.S.C. §259, and their affirmative defense to liquidated damages under 29 U.S.C. §260, with prejudice.

>Respectfully submitted,
>
>TRAN LAW FIRM, L.L.P.
>
>By: /S/Andrew H. Iwata_____
>Trang Q. Tran
>State Bar Number: 00795787
>Andrew H. Iwata
>State Bar Number: 24048568
>Tran Law Firm L.L.P.
>3050 Post Oak Blvd., Suite 1720
>Houston, Texas 77056
>Telephone: (713) 223-8855
>Facsimile: (713) 623-6399
>
>**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

No certificate of conference is required for motions under Fed. R. Civ. P. 12(b)(6).  *See* S.D. Local Rule 7.1(D).

>/S/Andrew H. Iwata_____
>Andrew H. Iwata

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on July 9, 2010, in the following manner to:

        /S/Andrew H. Iwata_____
        Andrew H. Iwata

*(Via facsimile at 1-832-585-0071)*
Patric P. McCallum
Drew & McCallum PLLC
25231 Grogan's Mill, Suite 350
The Woodlands, Texas  77380