**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NHAN TRAN, Individually and on Behalf of Employees Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-08-3650 |
| TRAN THAI, doing business as Nails of America, *et al.*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.     The Defendants' Motion to Dismiss**

This is an FLSA case involving a single plaintiff who worked in a nail salon. The case was filed in 2008. A motion for partial summary judgment is pending. After the deadline for filing motions, the defendants moved for leave to file a partial motion to dismiss the FLSA claim based on 2007 compensation for lack of subject-matter jurisdiction. (Docket Entry No. 61). The plaintiff opposes the motion as going to the merits rather than to subject-matter jurisdiction and as untimely filed. The plaintiff also argues that the FLSA applies because he was engaged in interstate commerce while performing his job duties.

The FLSA requires that overtime compensation be paid to a non-exempt employee engaged in interstate commerce while performing his job duties. 29 U.S.C. § 207(a). It is the employee's burden to prove that he engaged in interstate commerce. *Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curiam) (citing *Warren-Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 90, 63 S. Ct. 125 (1942)).

The FLSA also applies to the intrastate employees of enterprises that (1) have other employees engaged interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars. 29 U.S.C. § 203(s)(1)(A). The FLSA defines the term "enterprise" as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units." 29 U.S.C. § 203(r)(1).

As the plaintiff notes, a challenge to FLSA coverage based on the absence of an employee's engagement in interstate commerce or the absence of $500,000 annual gross sales volume for an employee who is engaged in intrastate commerce is a challenge to the merits, not to subject-matter jurisdiction. *See Clark v. Tarrant Cnty, Tex.*, 798 F.2d 736 (5th Cir. 1986) (where the basis of federal jurisdiction is also an element of subject-matter jurisdiction and the factual findings about subject-matter jurisdiction are intertwined with the merits, the case should not be dismissed for lack of subject-matter jurisdiction unless the alleged claim is immaterial or wholly insubstantial and frivolous; instead, the challenge should be treated as an attack on the merits); *Brown v. Constant Care, Inc.*, No. Civ. A. 5:04-CV-165, 2004 WL 1836732, at *2 (N.D. Tex. Aug. 17, 2004) (applying rule in FLSA case to a challenge based on failure to meet the $500,000 amount and finding subject-matter jurisdiction to consider the challenge).

The motion to dismiss the FLSA claim for 2007 for lack of subject-matter jurisdiction is denied; the motion for leave to file the motion to dismiss is moot.

**II.     The Plaintiff's Motion for Partial Summary Judgment**

Tran has moved for partial summary judgment on ten separate issues of the defendants' liability and affirmative defenses. (Docket Entry No. 58). The issues are:

1. whether plaintiff was covered by the Fair Labor Standards Act (FLSA) while employed by Bow & Mary – Nails of America #5 (the "salon");

2. whether plaintiff was an employee or an independent contractor of the salon;

3. whether the defendant can support its affirmative defense of good faith under 29 U.S.C. § 259(a);

4. whether the defendants can support the affirmative defense of good faith under 29 U.S.C. § 260;

5. whether the defendants can support or legally maintain the affirmative defense of failure to mitigate damages in this claim for unpaid overtime;

6. whether the defendants can support or legally maintain the affirmative defense of unclean hands;

7. whether the defendants can support or legally maintain the affirmative defense of laches;

8. whether the defendants can support or legally maintain the affirmative defense of waiver in this case for unpaid overtime;

9. whether the defendants can support or legally maintain the affirmative defense of estoppel; and

10. whether the defendants can support the affirmative defense of exemption from the Fair Labor Standards Act.

### A. The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated

assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

**B.     Analysis**

**1.     Whether the Plaintiff is an Employee Engaged in Commerce**

The plaintiff moves for summary judgment on the basis that he is an employee engaged in commerce. Employees are covered individually by the FLSA if they are engaged in commerce or in the production of goods for commerce. Individual coverage lies when the employee is engaged in commerce or the production of goods for commerce. 29 U.S.C. § 207(a)(1); *Tony and Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 295, n.8, 105 S. Ct. 1953 (1985). Enterprise coverage exists when the employee works for an enterprise with annual sales in excess of $500,000.00 that has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have moved in or been produced for interstate commerce. 29 U.S.C. § 203(s)(1)(A). The plaintiff does not seek summary judgment on the basis of enterprise coverage. Instead, he seeks summary judgment on the basis of individual coverage. (Docket Entry No. 58, p. 4, ". . . here Plaintiff asserts coverage based on his own engagement in commerce.").

The plaintiff does not contend that he produced goods for commerce. Instead, he contends that because he used or sold items and equipment — such as nail polish, nail files, lotions, a machine used in manicures, and heel scrapers and "collac" removers — that had previously moved in interstate commerce, and occasionally sold slippers that had previously moved in interstate commerce, he engaged in commerce.

In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a "practical test." *Sobrinio*, 474 F.3d at 829. Under this practical test, the court must determine if the employee's work "is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity." *Id.* (quoting *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324, 80 S. Ct. 739 (1960) (dissent)); *Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1123 (5th Cir. 1979) (quoting *Overstreet v. N. Shore Corp.*, 318 U.S. 125, 63 S. Ct. 494 (1943) (quoting *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 63 S. Ct. 332 (1943)). In *Sobrinio,* an employee of a motel serving the Texas Medical Center worked variously as a janitor, security guard, and driver for the hotel's guests. He ferried guests on errands to local stores but never drove to the airport or other transportation centers. The court held that although many guests were from out of state, the employee was not engaged in commerce under the FLSA. *Id.*

Any regular contact, no matter how minimum, will result in coverage under the FLSA. *Marshall*, 603 F.2d at 1124; *Sobrinio*, 474 F.3d at 829. However, the employee's work must be "entwined with the continuous stream of interstate commerce." *Marshall*, 603 F.2d at 1125; *McKee v. CBF Corp.*, Civ. A No. 3:06-CV-1629, 2008 WL 763162, at *4 (N.D. Tex. Mar. 19, 2008). According to the Eleventh Circuit, for an employee to be "engaged in commerce" under the FLSA, he must be "directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (internal

citations omitted). When determining individual coverage, the character of the employee's activities is determinative, not the nature of the employer's business. A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a "regular and recurrent" part of the plaintiff's employment duties. 29 C.F.R. 776.10(b).

The plaintiff's "activities were not rendered interstate commerce simply because [the salon], an ultimate consumer, purchased goods which had previously moved in interstate commerce." *Thome v. All Restoration Services, Inc.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006); *Lopez v. Pereyra*, No. 09-60734-CV, 2010 WL 335638, at *5 (S.D. Fla. Jan. 29, 2010).[1] With respect to goods the plaintiff used in the nail salon to provide services to clients — such as nail files, nail polish, lotions, a drill machine, heel scrapers, and collac removers made outside Texas — the salon, and the plaintiff, were the ultimate consumers. The fact that the goods had previously moved in interstate commerce does not mean that the plaintiff engaged in interstate commerce when he used those goods to provide services.

The plaintiff also contends that if customers requested, he sold nail polish, nail files, lotions, and slippers to clients in the Woodlands, Texas. In response, the defendants assert that such sales were "occasional" and to local customers. (Docket Entry No. 59, p. 13). For individual coverage cases under the FLSA, "[w]hen goods reach the customer for whom they were intended, the

---

[1] Although the plaintiff asks this court to construe the individual and enterprise coverage provisions identically, there are differences. Under the FLSA, "goods" are defined to include "wares, products, commodities, merchandise, or articles or subjects of commerce of any character . . . but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." 29 U.S.C. § 203(j). The latter clause of the statutory definition is often referred to as the "ultimate-consumer" exception. In 1974, Congress extended enterprise coverage — but not individual coverage — to include employers with employees "handling, selling, or otherwise working on goods or materials." 29 U.S.C. § 203(b)(1)(A)(I). The term "materials" remains undefined by the statute and, unlike "goods," is not subject to any "ultimate-consumer" exception. *Polycarpe v. E & S Landscaping, Inc.*, 616 F.3d 1217, 1225–26 (11th Cir. 2010).

7

interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act." *Thorne*, 448 F.3d at 1267, *see also Guzman v. Irmadan, Inc.*, 322 F. App'x 644, 644 (11th Cir. 2009) (finding that the store's reception of items from out of state wholesalers ends the interstate journey and employees engaged in further intrastate movement of the goods are "not covered under the Act"). The plaintiff's sales of nail polish, nail files, lotions, and occasionally sandals or slippers to clients of the salon on their request does not make the clients these ultimate consumers of the materials. To the contrary, the items cited, except for the slippers or sandals, were necessary to the services the plaintiff and the nail salon provided. And "occasional" sales made only if the customer asked are insufficient to show that, as a matter of law, the plaintiff was an individual covered by the FLSA.

"The test for determining whether an employee was engaged in commerce is whether the 'work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity.'" *Jacoby v. Schimka Auto Wreckers, Inc.*, No. 10 C 1452, 2010 WL 3171515 at *3 (N.D. Ill. Aug. 11, 2010) (quoting *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429, 75 S. Ct. 860 (1955)). "It is not enough that the employee's activities affect or indirectly relate to interstate commerce: they must be 'actually in or so clearly related to the movement of the commerce as to be a part of it.'" *Kelley v. Stevens Auto Sales*, Civ. A. No. 3:08-CV-261, 2009 WL 2762765, at *2 (N.D. Ind. Aug. 27, 2009) (quoting *McLeod v. Threlkeld*, 319 U.S. 491, 497, 63 S. Ct. 1248 (1943)). In *Jacoby,* the court granted summary judgment for the defendant employer, declining to hold that the plaintiff employee, who towed vehicles within state boundaries and did not engage in any communication across state lines, had raised a genuine issue of material fact on the issue of individual coverage under the FLSA.

2010 WL 3171515, at *3–4. Similarly, in this case, the plaintiff's local provision of manicure services and occasional sales relating to those services is simply too far removed from interstate commerce to bring plaintiff within the scope of the statute. *See Guzman v. Irmadan, Inc.*, 551 F. Supp. 2d 1368, 1371 (S.D. Fla. 2008) ("In enacting the FLSA, Congress did not intend to invoke the full scope of its commerce Clause power and regulate 'activities merely affecting commerce." (citing *McLeod*, 319 U.S. at 497)).

The plaintiff's motion for summary judgment on individual FLSA coverage is denied.

### 2. Whether the Plaintiff is An Independent Contractor

The evidence in the record is conflicting on such aspects as whether the plaintiff's hours, breaks, and vacation periods were controlled by the defendants, whether the prices and commissions were set by the defendants, and whether the plaintiff made his own appointments for clients or whether the defendants made the appointments and whether the plaintiff could control the appointments he accepted and scheduled. The record also contains evidence that the plaintiff took deductions as an independent contractor. The conflicts in the evidence preclude granting the plaintiff's motion for partial summary judgment on the issue of whether he was an independent contractor or an employee.[2]

### 3. Whether the Affirmative Defenses Fail as a Matter of Law

#### a. Good Faith under 29 U.S.C. § 259(a)

---

[2] The defendants also asserted an affirmative defense of "exemption." Based on the defendants' response to the plaintiff's motion for partial summary judgment, it appears that the defendants' affirmative defense of exemption is based on their argument that the plaintiff was an independent contractor. The defendants do not argue that the plaintiff falls into any of the exemptions to the FLSA in 29 U.S.C. § 213 or raise any other exemption argument aside from the plaintiff's independent-contractor status. To the extent the defendants assert an exemption listed in 29 U.S.C. § 213, the plaintiff's motion for partial summary judgment is granted because the plaintiffs have produced no evidence demonstrating a fact issue as to any of the exemptions.

29 U.S.C. § 259(a) provides an affirmative defense for an employer:

> . . . if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect.

The "agency specified in subsection (b)" is the Administrator of the Wage and Hour Division of the Department of Labor. 29 U.S.C. § 259(b).

In support of the § 259 affirmative defense, the defendants argue that they relied in good faith on "[t]he law that the FLSA only applies to enterprises grossing over $500,000.00" annually and that because Bow & Mary — Nails of America #5's total deposits for 2007 were $499,816.98, and unknown for the precise period of the plaintiff's employment, they concluded in good faith that they were not an enterprise subject to the FLSA. (Docket Entry No. 59, at 14). The § 259 affirmative defense "was designed to protect employers from liability if they took certain actions on the basis of an interpretation of the law by a government agency, even if the agency's interpretation later turned out to be wrong." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 907 (9th Cir. 2003) (citing *EEOC v. Home Ins. Co.*, 672 F.2d 252, 263 (2d Cir.1982)). Courts have held that to claim an affirmative defense under § 259, the defendant must do more than misunderstand the law; the defendant must rely on a written opinion by the Wage & Hour Division of the Department of Labor. *See Alvarez*, 339 F.3d at 907 ("Section 259's test also places on employers 'an affirmative duty to inquire about uncertain [FLSA] coverage issues.'" (quoting *Keeley v. Loomis Fargo & Co.*, 183 F.3d

257, 271 (3d Cir. 1999)); *Reich v. IBP, Inc.*, 38 F.3d 1123, 1127 (10th Cir. 1994) ("Where there is more than just an honest difference of opinion, such as where a judicial interpretation overrules previously issued administrative opinions, Congress has provided the employer with a defense: sections 9 and 10 of the Portal Act, 29 U.S.C. §§ 258 and 259. But by limiting this defense to good faith reliance on a written opinion, Congress has put the risk of a close case on the employer."); *Bullard v. Babcock & Wilcox Tech. Servs. Pantex, L.L.C.*, Civ. A. No. 2:07-CV-049, 2009 WL 1704251, at *8 (N.D. Tex. June 17, 2009) ("'Good faith' requires more than ignorance of the prevailing law or uncertainty about its application. It requires an employer take active steps to ascertain the dictates of the FLSA from, for example, the Administrator of the Wage and Hour Division of the Department of Labor, and then move to comply with them.").

The defendants do not allege, argue, or present evidence that, in reliance on "any written administrative regulation, order, ruling, approval, or interpretation, of the [Wage and Hour Division of the Department of Labor]," the defendants misunderstood *the law*. Instead, the defendants argue that, assuming they are found liable, it is because of a good-faith miscalculation of gross income. The defendants have failed to demonstrate the existence of a triable issue of fact as to their good-faith defense.

### b. Good Faith Under 29 U.S.C. § 260

Under the FLSA, if it is found that the employer failed to properly pay wages to its employees, the employer may be liable for liquidated damages in an amount equal to the amount of unpaid wages. *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 604 (5th Cir. 2001) (citing 29 U.S.C. § 216(b)). "Pursuant to 29 U.S.C. § 260, however, a district court may decline to award liquidated damages if the employer demonstrates that it acted reasonably and in good faith." *Solis v.*

11

*Hooglands Nursery, L.L.C.*, 372 F. App'x 528, 530 (5th Cir. Apr. 7, 2010) (citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)). Even if a defendant shows both subjective good faith and objective reasonableness, an award of liquidated damages remains in the discretion of the district court. *Id.* (citing 29 U.S.C. § 260). "An employer 'faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA.'" *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003) (quoting *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998)).

The defendants argue that they acted in good faith because an employee conducted "internet research to determine if overtime rules applied to a Bow & Mary — Nails of America #5 . . . receptionist" and because its "annual dollar revenue for 2008 was not known or otherwise ascertainable until well after Plaintiff ended his independent contractor relationship with Defendants in August 2008." (Docket Entry No. 59, at 16). Courts have held that a demonstration of objective reasonableness requires more than the absence of intent or misunderstanding; there must be "objectively reasonable grounds for the employer to believe itself in compliance with the Act." *Solis v. Min Fang Yang*, 345 F. App'x 35, 39 (6th Cir. July 10, 2009); *see also Chang v. Sung Yue Tung Corp.*, No. 03 Civ. 6048, 2007 WL 313483, at *28 (S.D.N.Y. Feb. 1, 2007) ("'Good faith' in this context requires more than ignorance of the prevailing law or uncertainty about its development. It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them." (citing *Reich v. Southern New England Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997)).

In *Bolick v. Mgmt. by Skylane, LLC*, the court considered whether the defendant had produced sufficient evidence to support a § 260 good faith defense. Civ. A. No. H-07-2261, 2008

12

WL 4589961 (S.D. Tex. Oct. 14, 2008). The defendant produced evidence that an executive was not aware of FLSA requirements, sought legal counsel when it created payroll policies, and "always clearly notified its exempt employees that they were paid a specified weekly wage for all hours worked in each workweek, regardless of the number of hours worked." *Id.* at *1. The executive also testified that the defendant "has always endeavored to comply with the terms of all applicable state and federal laws, including the [FLSA]." *Id.* The court found that the defendants had failed to produce sufficient evidence to withstand summary judgment because there was "no evidence of any specific ongoing efforts by defendant to comply with the FLSA." *Id.* In the instant case, though the defendants conducted internet research once to determine whether a receptionist was covered by the FLSA and were unsure as to whether they had sufficient gross revenue to be an employer under the FLSA, the defendants have identified no evidence of any specific and ongoing efforts to comply with the FLSA. The plaintiffs are entitled to summary judgment on this defense.

### c. Failure to Mitigate Damages

The defendants argue that the plaintiff failed to mitigate his damages by failing "to take reasonable actions to notify Nails of America #3 of any alleged unpaid overtime accounts" and because "Plaintiff worked at Bow & Mary — Nails of America #5, LLC from April 2007 through August 2008 and failed to take reasonable actions and tell Defendants of any alleged unpaid overtime amounts at any point." (Docket Entry No. 59, at 17). The defendants have not cited any authority imposing a duty on an FLSA plaintiff to notify an employer of alleged FLSA violations. Courts have found that as a matter of law "there is no requirement to mitigate overtime wages under the FLSA." *King v. ITT Educ. Servs., Inc.*, No. 3:09-cv-848, 2009 WL 3583881, at *3 (M.D. Fla. Oct. 27, 2009); *see also Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CV, 2009 WL 2391233,

13

at *3 (S.D. Fla. July 31, 2009) (granting a motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA, nor a duty to provide notice as to any alleged unlawful pay practice); *Lopez v. Autoserve LLC*, No. 05 C 3554, 2005 WL 3116053, at *2 (N.D. Ill. Nov. 17, 2005) (granting the plaintiff's motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA); *Perez-Nunez v. North Broward Hosp. Dist.*, No. 008-61583-CIV, 2009 WL 723873, at *2 (S.D. Fla. Mar. 13, 2009) (granting motion to strike the mitigation-of-damages affirmative defense and holding that a duty-to-mitigate-damages defense based on the plaintiff's failure to timely disclose alleged violations to her employer so that the terms of her employment could be corrected failed as a matter of law under the FLSA).

Because there is no duty to mitigate overtime wages under the FLSA, this court grants the plaintiff's motion for summary judgment as to this affirmative defense.

### d. Waiver, Estoppel, Unclean Hands, and Laches

It is unclear whether the equitable defenses of waiver, estoppel, unclean hands, and laches are available under the FLSA. *See Ayers v. Consol. Const. Servs. Of SW Fla., Inc.*, No. 2:07-cv-123, 2007 WL 4181910, at *1–2 (M.D. Fla. Nov. 26, 2006) (granting motion to strike laches and estoppel affirmative defenses because of "the general rule that an employee cannot waive her rights under the FLSA without supervision by the Secretary of Labor or the Court"); *Perez-Nunez*, 2009 WL 723873, at *2 ("The doctrines of waiver, estoppel and laches are generally not applicable to FLSA claims.").[3]

---

[3] Courts have found that estoppel may be asserted under the FLSA under facts not alleged here. In *Brumbelow v. Quality Mills*, the Fifth Circuit found "[o]n the narrow facts of this case, the court correctly granted a directed verdict on the basis that the appellant was estopped and could not profit from her own

14

Assuming that these doctrines apply, the defendants have not raised a triable issue of fact. The only argument the defendants present for their equitable affirmative defenses is that because the plaintiff "took significant federal deductions like an independent contractor but now wants the court to consider him an employee," he should not be allowed to claim employee status for the purpose of this FLSA suit.[4] The defendants have provided no caselaw supporting their argument that claiming independent-contractor tax benefits estops an FLSA plaintiff from claiming that he is an "employee" under the FLSA.

Courts have held, however, that a plaintiff's subjective belief that he is an independent contractor is not inconsistent with a claim that the plaintiff is an employee under the FLSA. *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 347 (5th Cir. 2008) ("It is clearly possible for Fox to be an employee under the FLSA even if he *actually believes* himself to be an independent contractor . . . . '[A] person's subjective opinion that he is a businessman rather than an employee does not his change his status' for purposes of the FLSA." (quoting *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1049 (5th Cir.1987)). Courts have also found that an FLSA plaintiff is an "employee" even though he claimed to be self-employed on his tax returns. *See, e.g.*, *Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662 (5th Cir. 1983) (finding that welders were "employees" even though they signed contract stating they were independent contractors, furnished their own equipment and insurance coverage, were self-employed on their tax returns, and had their own business cards). The Supreme

---

wrong in furnishing false data to the employer." 462 F.2d 1324, 1327 (5th Cir. 1972). One district court has found that estoppel is an available affirmative defense "where the employee affirmatively misleads the employer." *McGlothan v. Walmart Stores, Inc.*, 6:06-CV-94-ORL-28JGG, 2006 WL 1679592, *2 (M.D. Fla. June 14, 2006) (citing *Brumbelow* , F.2d at 1327).

[4] In their response to the plaintiff's motion for summary judgment, the defendants respond directly only to the plaintiff's motion for summary judgment on waiver and unclean hands, but not laches or estoppel. (Docket Entry No. 59, at 17–18).

Court has noted that the FLSA definition of "employee" is expansive. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326, 112 S. Ct. 1344 (1992) (noting that the FLSA "stretches the meaning of "employee" to cover some parties who might not qualify as such under a strict application of traditional agency law principles"). That the plaintiff claimed some tax benefits as an independent contractor might be *evidence* that the plaintiff is not an employee. *See, e.g.*, *Carrell v. Sunland Const., Inc.*, 998 F.2d 330, 333 (5th Cir. 1993) (finding that plaintiff's tax returns are relevant to whether plaintiff was an employee under the FLSA). But it does not provide a basis for this court to conclude that the defendants have demonstrated a triable issue of fact as to these equitable affirmative defenses.

## IV.  Conclusion and Order

The plaintiff's motion for partial summary judgment, (Docket Entry No. 58), is denied in part and granted in part. The motion is denied as to whether the plaintiff was individually covered by the Fair Labor Standards Act (FLSA) while employed by Bow & Mary – Nails of America #5 and whether the plaintiff was an employee or an independent contractor of defendant. The plaintiff's motion is granted as to the defendants' affirmative defenses of good faith under 29 U.S.C. § 259(a); good faith under 29 U.S.C. § 260; failure to mitigate damages in this claim for unpaid overtime; unclean hands; laches; waiver; estoppel; and exemption.

The defendants' motion to dismiss, (Docket Entry No. 61), is denied. The motion for leave to file the motion to dismiss, (Docket Entry No. 61), is moot.

A status conference is set for **January 13, 2011**, at 5:00 p.m. That conference will address any final pretrial issues and set a trial date.

SIGNED on December 16, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge