**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NHAN TRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-3650 |
| | § | |
| BOW & MARY - NAILS OF AMERICA | § | |
| #5 LLC and BOW DI GROVE, | § | |
| | § | |
| Defendants. | § | |

**JURY INSTRUCTIONS**

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In this case, the plaintiff, Mr. Nhan Tran, must prove every essential element part of his claim by a preponderance of the evidence.  A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.  In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.  If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendants as to that claim.

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her

testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was. You may accept or reject the testimony of any witness in whole or in part.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach

conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence — such as testimony of an eyewitness. The other is indirect or circumstantial evidence — the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation and an individual are equal before the law and must be treated as equals in a court of justice. Do not let bias, prejudice, or sympathy play any part in your deliberations. Our system of law does not permit jurors to be governed by bias, prejudice, sympathy, or public opinion. Both the parties and the public expect that you will carefully and impartially

consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

The plaintiff presented seven demonstrative exhibits and the defendants presented one demonstrative exhibit. A demonstrative exhibit is not evidence. It is a party's description of some aspect involved in this trial. If your recollection of the evidence differs from a demonstrative exhibit, rely on your recollection and not on the exhibit.

## NATURE OF THE CASE

The plaintiff, Nhan Tran, filed this suit under the Fair Labor Standards Act, alleging that the defendants, Bow & Mary - Nails of America #5 and Bow Di Grove, failed to pay him overtime wages. Under this federal statute, an employer must pay its nonexempt employees for overtime, at the rate of one and one-half times the hourly rate, for time worked in excess of 40 hours per work week. In this suit, the plaintiff, Mr. Tran, asserts that he was an employee of the defendants, that they were covered by the statute, and that he worked overtime each week from March 27, 2007 to August 14, 2008. The defendants deny that Mr. Tran was an employee, as opposed to an independent contractor; that the business was covered by the statute; and that Mr. Tran is entitled to any overtime compensation.

The plaintiff, Mr. Tran, must prove each of the following by a preponderance of the evidence:

1. that the defendants employed the plaintiff during the time period involved;

2. that the defendants' business was engaged in commerce and had annual gross sales of at least $500,000 in both 2007 and 2008; and

      3.      that the defendants failed to pay the plaintiff the overtime pay required by law.

Jury Question No. 1 asks whether you find Mr. Tran has proved by a preponderance of the evidence that he was an "employee" of Bow Di Grove and Bow & Mary - Nails of America #5.  Mr. Tran has the burden of proving that he was an employee and not an independent contractor.  The issue for you to decide is whether, during the time in question, Mr. Tran was an employee of the defendants or an independent contractor.

There are a number of factors you must take into consideration in making that determination.  No one factor is controlling.  Your determination should be made from all of the evidence in this case.

One of the most important considerations is the degree of control the defendants exercised over the work of Mr. Tran.  An employer has the right to control an employee.  Thus, it is important to determine whether the defendants had the right to direct and control Mr. Tran, not only as to the results of his work, but also as to the details, manner, and means by which those results were accomplished.  You must determine whether the defendants had the right to control the number and the frequency of breaks, how Mr. Tran performed his work, the type of equipment he could use, and his work schedule.  If you find that the defendants had the right to supervise and control those details and the manner and means by which the results of his work were to be accomplished, this indicates that there was an employer-employee relationship between the defendants and Mr. Tran.  If you find that the defendants did not exercise such elements of supervision and control over Mr. Tran, that

would support a finding that he was an independent contractor and not an employee. It is the right to control and not the actual exercise of control that is important.

Another factor you should consider is whether Mr. Tran was carrying on an independent business or whether he regularly worked in the course of the defendants' business. For this purpose, you may consider whether Mr. Tran advertised or generally offered his services to others; whether he used a business name in dealing with the plaintiff; whether he listed himself in any business capacity in directories; whether he procured necessary licenses for the carrying on of his activities; whether he supplied his own tools or equipment; and any other evidence tending to show that he was carrying on an independent business as an individual.

Another factor you should consider is the term and duration of the relationship between the defendants and Mr. Tran. The relationship of an independent contractor generally contemplates the completion of an agreed service within a stipulated period. An employment relationship generally involves a continuous rendering of services for an indefinite period.

Another factor you may consider is the manner of payment. An independent contractor generally is one who has the opportunity to make a profit, or the risk of taking a loss; an employee generally does not have the opportunity to make a profit, or the risk of loss. An employee generally is paid on a time or piecework or commission basis, while an independent contractor is ordinarily paid an agreed amount—or according to an agreed formula basis—for a given job.

The description the parties give to their relationship is not controlling. You must determine whether the relationship between Mr. Tran and the defendants is one of employment or of independent contract, taking into account all of the factors I have mentioned to you and all of the evidence in this case.

You are instructed that an individual who performs services for pay may be either an employee or an independent contractor but cannot be both at the same time.

You are asked in Jury Question No. 2 whether Mr. Tran has proven, by a preponderance of the evidence, that the defendants in 2007 had annual gross sales of at least $500,000. You must consider the gross volume of sales made or business done.

You are asked in Jury Question No. 3 whether you find that Mr. Tran has proven, by a preponderance of the evidence, that the defendants had at least two or more employees who were regularly and recurrently engaged in handling, selling, or otherwise working on goods or materials that had been moved in or been produced for commerce by any person. You are instructed that the term "commerce" has a broad meaning and includes any trade, commerce, or transportation between any state and any place outside that state. A good or material has been moved in or produced for interstate commerce if it has moved across state lines at some point.

You are not to consider whether employees of Bow & Mary - Nails of America #5 handled, sold, or worked on "goods" that had traveled from outside Texas. The only issues for you to decide are whether two or more employees regularly and recurrently handled, sold, or worked on "materials" that had been moved in interstate commerce and whether those

materials had a significant connection to Bow & Mary - Nails of America #5's commercial activity. "Materials" means "tools or other articles necessary for doing or making some thing." Materials do not have a significant connection with Bow & Mary - Nails of America #5's commercial activity if Bow & Mary - Nails of America #5 consumes them internally or incidentally, such as soap used in the restroom of the salon. An example of a significant connection to a defendant's commercial activity is a caterer using china plates. If the caterer uses these plates while providing catering services, the plates have a significant connection with the caterer's commercial activity of catering. But if an accounting firm uses the same china plates to decorate its walls, the plates do not have a significant connection to the accounting firm's commercial activity of accounting.

You are asked in Jury Question No. 4 whether you find that Mr. Tran has proven, by a preponderance of the evidence, that the defendants failed to pay him overtime pay as required by the Fair Labor Standards Act. An employer must pay its employees at least one and one-half times their regular rate for overtime work, that is, for all hours worked over forty in a workweek. An employee's regular rate is the basis for calculating overtime pay due the employee. The overtime rate is one and one-half times that rate. A "workweek" is a regularly recurring period of seven days, or 168 hours. An employer must pay its employees for all work time, that is, the time the employee performs work on its behalf. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business.

You must determine the number of uncompensated overtime hours worked by Mr. Tran, if any, based on all the evidence. A plaintiff cannot merely declare that he worked a particular number of hours in excess of 40 hours in a workweek. But a plaintiff need not prove each hour of overtime work with certainty. A plaintiff must present sufficient evidence to show the amount and extent of overtime worked, as a matter of just and reasonable inference. An employer is legally required to maintain accurate records of its employees' hours worked. If you find that the defendants were required to maintain accurate records of the hours Mr. Tran worked because he was their employee, and if you find they did not do so, you may accept Mr. Tran's estimate of the hours he worked unless you find it to be unreasonable.

You are asked in Jury Question No. 5 about damages. If you first find that the plaintiff has proven his claim by a preponderance of the evidence, then you must determine damages. You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendants are liable. I am instructing you on damages so that you will have guidance in the event you decide that the defendants are liable and that the plaintiff is entitled to recover money from the defendants.

You are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for the plaintiff's damages, no more, and no less. The measure of damages is the difference between what you find the employee should have been paid under the Fair Labor Standards Act and the amount

that he was actually paid. The plaintiff must show by a preponderance of the evidence the amount and extent of the overtime work that was in fact performed and not paid, if any. Damages do not include emotional distress, court costs, or attorneys' fees. Because damages are not allowed for the purpose of punishment, you may not impose or increase damages to penalize the defendants.

If you award damages, you should use dispassionate common sense to determine the amount. Damages may not be based on arbitrary guesswork or speculation. On the other hand, the law does not require that the plaintiff prove the amount of damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing a damages award, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

## THE VERDICT

On retiring to the jury room, you should select one of your number as your foreperson, who will preside over your deliberations and will speak for you here in the courtroom. Your verdict must represent the considered judgment of each juror. To return a verdict, it is necessary that each juror agree. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not

hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember at all times you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A verdict form has been prepared for your convenience. You will take the verdict form to the jury room, and when you have reached an agreement as to your unanimous verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If during your deliberations you want to communicate with me, please reduce your message or question to writing signed by the foreperson and pass the note to the marshal who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom, so that I can address you orally. I caution you, however, that in any message or question you might send, you should never state or specify your numerical division at that time.

SIGNED on February 9, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge