IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| NHAN TRAN, Individually and on behalf of other employees similarly situated<br><br>Plaintiff<br><br>v.<br><br>HOA T. HOANG, individually, and d/b/a/ NAILS OF AMERCIA #3, BOW & MARY - NAILS OF AMERICA #5 L.L.C., and BOW DI GROVE individually<br><br>Defendants | § § § § § § § § § § § § § § § § | Civil Action No. 4:08-cv-03650 |

**DEFENDANTS BOW & MARY - NAILS OF AMERICA #5 AND BOW DI GROVE'S MOTION FOR JUDGMENT ON THE VERDICT, COSTS UNDER RULE 68, AND BRIEF IN SUPPORT**

### I. STAGE OF PROCEEDING AND STATEMENT OF ISSUE

On January 11, 2011, Bow & Mary -Nails of America -#5, LLC and Bow Di Grove individually ("Defendants") by its attorneys and pursuant to Rule 68 of the Federal Rules of Civil Procedure, offered to allow judgment to be taken against them and in favor of Plaintiff Nhan Tran ("Plaintiff") in this action. *See* Docket No. 69. Plaintiff rejected this offer on January 12, 2011. *See* Exhibit A.

On February 7, 2011, Plaintiff and Defendants appeared and announced ready for trial. A jury panel was duly sworn and heard the evidence and arguments of counsel. On February 10, 2011, in response to jury instructions and questions submitted by the Court, the jury found Plaintiff was not Defendants employee under the Fair Labor Standards Act (FLSA). Defendants move for Judgment and ask the Court to award Defendants costs in accordance

with Rule 68 of the Federal Rules of Civil Procedure.

## II. AUTHORITIES AND ARGUMENTS

More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued...[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made. Federal Rule of Civil Procedure 68.

The FLSA defines attorney fees separately from costs and provides that a district court shall "allow a reasonable attorney's fee to be paid by the defendant, and cost of the action" upon a finding of a violation. 29 U.S.C. §§ 216(a) and (b).

Applying Rule 68 to FLSA cases, three circuit courts have held that "Rule 68 does not bar any award of attorney fees in an FLSA case for services rendered after a Rule 68 offer is made and a plaintiff recovers less than the amount offered in settlement." *Haworth v. Nevada*, 56 F.3d 1048, 1052 (9th Cir.1995); *see also Dalal v. Alliant Techsystems, Inc.*, 182 F.3d 757, 760 (10th Cir.1999); *Fegley v. Higgins*, 19 F.3d 1126, 1135 (6th Cir.1994). The Ninth Circuit determined that without a congressional expression to the contrary, if an underlying statute defines "costs" to include attorney fees, those fees "are to be included as costs for the purpose of Rule 68." *Haworth* at 1051. Defendants did not locate any 5th Circuit or other circuit decisions addressing this specific issue or contrary to these authorities provided.

Determining a "reasonable attorney's fee" is in the sound discretion of the trial judge. *Perdue v. Kenny A. ex. rel. Winn*, 130 S.Ct 1662, 1676 (2010). In *Hawroth*, the Ninth Circuit outlined a non-exhaustive list of factors that a district court must take into consideration:

1. the amount obtained by judgment,
2. the stage of the litigation at which the offer was made,
3. what services were rendered after the offer was made,
4. the amount of the Rule 68 offer, and

2

>   5. whether it was reasonable to continue litigating the case after the Rule 68 offer was made. *Haworth* at 1052-1053.

The Ninth Circuit went on to explain that a district court may take into consideration other factors it deems appropriate to determine the amount of reasonable attorney fees. *Haworth* at 1053.

## A.  Amount of Judgment

In this case, Plaintiff recovered less than the amount offered, he received nothing. *See* Docket No. 69.

## B.  Stage of the Litigation When the Offer was Made

The offer of judgment was made on January 11, 2011, approximately four weeks before trial started on February 7, 2011. *See* Docket No. 69.

## C.  Services Rendered After the Offer was Made

After the offer of judgment was made, there were several necessary and immediate services that were completed. The Joint Pre-Trial Order, Defendants' Memorandum of Law, Defendants' Exhibit and Amended Exhibit Lists, Motion in Limine, Proposed Jury Questions, Proposed Voir Dire Questions, two Motions to Exclude Witnesses, and a Motion for Sanctions were completed after the January 11, 2011 offer. *See* Docket No. 73, 74, 75, 76, 77, 78, 85, and 86. The remainder of the services were directly related to trial preparation, trial, or responding to Plaintiff's actions in this matter. *See* Exhibit B, Affidavit of Nathan N. Beedle for Services Rendered After January 11, 2011. The cost for services rendered after the offer was made total, $22,057.90. *See* Exhibit B, Affidavit of Nathan N. Beedle for Services Rendered After January 11, 2011.

## D.  The Amount of the Rule 68 Offer

The amount of the Rule 68 offer was $500. The offer was made based on the actual

time Plaintiff worked on customers greater than 40 hours per week during his employment with Defendants, six weeks amassing less than 7 total hours of alleged overtime. Based on the various damage models presented by Plaintiff, this could total anywhere from $112-$240.

E.  **Whether it was Reasonable to Continue Litigating after the Offer was Made**

Based on the facts in this case and the result obtained by Plaintiff, it was not reasonable to continue litigating after the offer of judgment was made.

### III.  CONCLUSION AND PRAYER

For the foregoing reasons, Defendants moves for judgment including $22,057.90 in costs after the offer of judgment was made.

Respectfully submitted,

By: /s/ Nathan N. Beedle
NATHAN N. BEEDLE
SBN: 24031731
SDBN: 608350
21 Waterway, Suite 300
The Woodlands, Texas 77380
E-mail nathanbeedle@yahoo.com
Tel. 281-948-6644
Fax 281-292-2223

ATTORNEY IN CHARGE FOR
BOW & MARY - NAILS OF AMERICA #5 AND
BO DI GROVE

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing was served this date on all counsel in accordance with the Federal Rules of Civil Procedure on the 14th day of November, 2010, as follows:

/s/ Nathan N. Beedle
Nathan N. Beedle

Trang Q. Tran
Andrew H. Iwata
3050 Post Oak Blvd. Suite 1720
Houston, Texas 77056
(713) 623-6399 (fax)