# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| NHAN TRAN, Individually and on Behalf of Employees Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-08-3650 |
| TRAN THAI, doing business as Nails of America, *et al.*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

This Fair Labor Standards Act case was tried to a jury. The plaintiff, Nguyen Tran, received nothing. The jury's verdict meant that Tran was not entitled to recovery under the statute from the defendants Bow & Mary Nail Salon of America # 5 and Bow Di Grove. The defendants have moved for entry of judgment. In their motion, the defendants invoke Rule 68 of the Federal Rules of Civil Procedure to seek an award of the attorney's fees they incurred in defending the suit after Nguyen rejected the offer of judgment they presented. The defendants offered $500 on January 11, 2011 and seek $22,057.90 in fees they incurred after the time period set out in Rule 68. (Docket Entry No. 68).

Rule 68 states:

**Rule 68. Offer of Judgment**

    **(a) Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

. . . . .

>  (d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

There are two flaws in the defendants' request for the fees they incurred after the plaintiff failed to accept the $500 offer. First, Rule 68 "applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999); *see also* CHARLES ALAN WRIGHT, *et al.*, 12 FED. PRAC. & PROC. CIV. § 3006 (2d ed.) ("[Rule 68] is entirely inapplicable . . . if the defendant, rather than the plaintiff, obtain judgment."). In *Delta Airlines*, Justice Powell, concurring in the result noted that the Court's holding implies that "a defendant may obtain costs under Rule 68 against a plaintiff who *prevails in part* but not against a plaintiff who *loses entirely*." 450 U.S. at 362 (Powell, J., concurring) (emphasis in original). In other words, if the jury in this case had awarded Nguyen $300 against the defendants, they could seek attorney fees under Rule 68(d). But because the jury awarded nothing, and judgment is entered in favor of the defendants, there is no basis to award attorney's fees. *See Farley v. Country Coach, Inc.*, No. 05-71623, 2008 WL 795788, at *1 (E.D. Mich. Mar. 26, 2008); *Drewery v. Mervyns Dept. Store*, No. C07-5017RJB, 2008 WL 222627, at *1–2 (W.D. Wash. Jan. 25, 2008).

In support of their argument that Rule 68 is relevant to an award of costs in this case, the defendants have cited *Haworth v. Nevada*, 56 F.3d 1048 (9th Cir. 1995). In that case, however, the plaintiffs prevailed on one of their claims. The Ninth Circuit held that the defendant was entitled to costs under Rule 68 because the defendant's offer of judgment exceeded the final judgment

obtained by the plaintiffs.  *Id.* at 1052.  In this case, the defendants prevailed and the plaintiff lost entirely.  Rule 68 is not applicable.

The second flaw is that the FLSA does not appear to be in the category of statutes on which Rule 68 operates to include fees.  The Supreme Court considered the applicability of Rule 68 to statutory fee-shifting provisions in *Marek v. Chesny,* 473 U.S. 1, 105 S. Ct. 3012, 87 L.Ed.2d 1 (1985).  The Court upheld the application of Rule 68 to the fee-shifting provision of 42 U.S.C. § 1983.  The Court reasoned that in an action under §1983, "all costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.'  Thus, absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68."  *Id.* at 9, 105 S. Ct. at 3016.  Because § 1983 defined costs to include attorney's fees, Rule 68 applied to bar recovery for any attorney's fees incurred after a Rule 68 offer was made when the plaintiff recovered less by judgment than the settlement offer.  *Id.*  The FLSA is different.  The FLSA defines attorney's fees separately from costs.  29 U.S.C. § 216(b).  Unlike attorney's fees in a § 1983 action, attorney's fees in an FLSA action are not automatically shifted by Rule 68.  *Accord Fegley v. Higgins*, 19 F.3d 1126, 1135 (6th Cir. 1994), *cert. denied*, 513 U.S. 875, 115 S. Ct. 203, 130 L.Ed.2d 134 (1994); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (dicta); *Haworth v. State of Nev.*, 56 F.3d 1048, 1051 (9th Cir. 1995).

The motion for judgment is denied to the extent it seeks to include $22,057.90 in attorney's

fees after the offer of judgment. Final judgment on the jury verdict is separately entered.

SIGNED on February 23, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge